UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09-cr-00116-SEB-KPF |
| | ) | |
| BROOK ABEBE, | ) | -01 |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 1:09-cr-00116-SEB-KPF |
| BROOK ABEBE, Defendant. | ) | -01 |

**ORDER**

Defendant Brook Abebe has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 97. For the reasons explained below, his motion for compassionate release is **denied**.

## I. Background

Mr. Abebe is currently serving a 300-month (or 25-year) sentence after he pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), two counts of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and three counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. 62 at 1-2. According to the Presentence Investigation Report, in 2009, Mr. Abebe robbed a bank while using a firearm. Dkt. 101 at 3-4. He pointed the handgun at a teller and threatened to kill several bank employees and customers if they did not comply with his demands. *Id.* at 4. He fired one round from his firearm, which lodged in the ceiling near where an employee was lying on the floor. *Id.* A witness called 911 and stepped outside of the bank to report the robbery in progress, and Mr. Abebe shot the witness in the face before fleeing. *Id.* While the witness survived the shooting due

to quick medical intervention, he was left with scarring on his face and permanent nerve damage. *Id.*

The Bureau of Prisons ("BOP") reports Mr. Abebe's anticipated release date as April 2, 2031. *See* https://www.bop.gov/inmateloc/ (last visited October 27, 2026).

Mr. Abebe argues that he establishes extraordinary and compelling reasons for compassionate release because (1) his brother requires care due to liver disease that makes him unable to care for himself and he is the only available caregiver, (2) he has various medical conditions that the BOP is not properly caring for, and (3) he has completed various rehabilitation programs while incarcerated. The Court has concluded it can resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has

issued a policy statement identifying several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court first addresses Mr. Abebe's claim that he is the only available caregiver for his brother suffering from liver disease in Ethiopia. While the Sentencing Guidelines do allow family circumstances of the defendant to be an extraordinary and compelling reason for compassionate release, *see* U.S.S.G. § 1B1.13(b)(3), Mr. Abebe has not provided any evidence that his brother in Ethiopia requires care or that Mr. Abebe is the only available caregiver. *Newton*, 996 F.3d at 488 . Therefore, this cannot be the basis for the Court granting Mr. Abebe compassionate release.

Next, Mr. Abebe claims that his own medical conditions constitute an extraordinary and compelling reason for compassionate release. The Sentencing Guidelines state that a defendant's medical circumstances can be considered an extraordinary and compelling reason for compassionate relief if the defendant is "suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1). Mr. Abebe's medical conditions include lower back pain, right shoulder pain with radiographic evidence of degenerative changes, degenerative disc space narrowing in his spine, type 2 diabetes, and hematuria. Mr. Abebe provides several medical documents, but none of them show that these conditions substantially diminish his ability to provide self-care or that he is not expected to recover from these conditions. Rather, his medical records reflect that he is receiving medical attention for these various chronic issues. Dkt. 97-1 at 14-81. Further, a motion for compassionate release is not the appropriate forum for his claims that he is not receiving adequate medical care within the BOP. For these claims, Mr. Abebe should file a civil rights

lawsuit. Therefore, Mr. Abebe's medical conditions are not considered an extraordinary and compelling reason for compassionate release.

Next, Mr. Abebe asserts that his rehabilitation is an extraordinary and compelling reason for compassionate release. While the Court commends Mr. Abebe for his rehabilitative efforts, that is what is expected of him. Under the United States Sentencing Guidelines, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." § 1B1.13(d). Accordingly, Mr. Abebe's rehabilitation is not an extraordinary and compelling reason for compassionate release.

In light of these considerations, the Court finds that Mr. Abebe has not presented extraordinary and compelling reasons for his release, and it declines to assess whether the factors under 18 U.S.C. § 3553(a). *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

## III. Conclusion

For the reasons stated above, Brook Abebe's motion for compassionate release, dkt. [97], is **denied**. Mr. Abebe's motion requesting status, dkt. [99], is **granted** consistent with the issuance of this order.

**IT IS SO ORDERED.**

Date: 11/10/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brook Abebe
Reg. No. 09241-028
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC 29590

All Electronically Registered Counsel